Toro, Demandante y Apelado, *v.* Sobrinos de Portilla, Demandada y Apelante.

No. 3258.—*Visto:* Marzo 13, 1924. *Resuelto:* Mayo 31, 1924.

Servicios Profesionales por Precio Convenido—Apreciación de Prueba—Error Fundamental en la Apreciación de Pruebas.—El demandante, tenedor de libros, reclamó de la demandada el valor razonable por no haber mediado precio, de los servicios profesionales que a requerimiento de ésta le había

prestado. Apelada la sentencia que declaró con lugar la demanda, *se resolvió:* que la corte cometió error fundamental al apreciar la prueba, en la cual existe una carta por la que el demandante solicitó aumento de sueldo de la demandada, uno de cuyos párrafos termina así: "  . . . . . en la actualidad se hace insostenible mi situación con el corto semanal de veinte pesos," lo cual constituye una admisión de precio convenido, ratificada poco tiempo después al aceptar el demandante la rebaja de sueldo que por medio de una carta le notificó la demandada.

SENTENCIA de *Charles E. Foote*, J. (San Juan, Primer Distrito), en cobro de servicios profesionales, declarando con lugar la demanda, con las costas. *Revocada.*

*G. de la Haba* y *A. Sarmiento*, abogados de la apelante; *R. Rivera Zayas*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

La demandada alega en síntesis que el demandante es tenedor de libros y que en tal concepto fué requerido por la sociedad demandada para practicar una investigación en los libros de contabilidad mercantil, formar un estado general de las operaciones, abrir nuevos libros y realizar en general todos los trabajos propios de un contable y tenedor de libros, empezando sus trabajos el 18 de junio de 1921 hasta el 10 de octubre de 1922, durante cuyo tiempo estuvieron a su exclusivo cargo todas las operaciones de contabilidad mercantil; que el demandante estima que el valor razonable de sus servicios asciende a la cantidad de $3,198.33 y habiendo tomado a cuenta la cantidad de $1,467 resulta un balance a favor del demandante de $1,730.83 que la demandada se ha negado a pagar.

A la demanda se acompaña una liquidación de las cantidades tomadas por el demandante durante el tiempo que prestó sus servicios a la demandada.

La demandada contestó la demanda alegando como defensa esencial "que desde que utilizó los servicios del demandante en 19 de abril de 1922 hasta 10 de octubre siguiente que prescindió de ellos, satisfizo al demandante el precio convenido de dichos servicios, o sean veinte dollars semanales hasta 1º de julio último y diez y siete dollars

cincuenta centavos semanales de 1º de julio hasta el 10 de octubre más un mes de compensación legal por no tener establecido término su contrato.''

La corte inferior, después de oído el caso en sus méritos, dictó sentencia condenando a la sociedad demandada a satifacer al demandante la suma reclamada y costas.

No conforme la demandada, estableció este recurso y señala como errores los siguientes:

''1º Es contraria a la prueba en cuanto considera como una sola sociedad una de 'Sobrinos de Portilla' de 1921 y otra 'Sobrinos de Portilla' de 1922 cuando son dos distintas sociedades que impone a ésta que es la demandada responsabilidades que sólo deben ser atribuidas a aquélla que no ha sido demandada.

''2º Declara con lugar una demanda en la que faltan hechos para determinar una causa de acción contra la demandada en cuanto se refiere a la remuneración por servicios profesionales del demandante desde 18 de junio de 1921 a 19 de abril de 1922.

''3º Es contraria a la prueba y a las alegaciones de las partes al declarar con lugar la demanda en cuanto a la remuneración de los servicios profesionales prestados a la demandada desde 19 de abril de 1922 a 10 de octubre del mismo año desestimando así la excepción de pago de dichos servicios alegada por dicha demandada que aquellas alegaciones y prueba acreditan.

''4º La prueba no sostiene la valoración de los servicios aceptada por la corte.''

No encontramos bien fundados el primero y el segundo error. La contención de ser contrario a la prueba haber considerado como una sociedad la de ''Sobrinos de Portilla'' de 1921 y otra de igual nombre de 1922, es cuestión que no se menciona como defensa en la contestación y no se puede levantar por primera vez en apelación. Por el contrario, en la contestación se acepta la responsabilidad de la sociedad demandada sin hacer distinción alguna en cuanto al nombre, si bien se alega que los servicios del demandante fueron convenidos y pagados.

El tercer error versa sobre la apreciación de la prueba en cuanto se determina por la corte inferior el valor razo-

nable de los servicios prestados por el demandante y no se declara que dichos servicios fueran convenidos. En este punto la conclusión de la corte inferior fué manifiestamente errónea. El propio demandante suministra prueba plena y satisfactoria de que sus servicios fueron previamente convenidos, primeramente, a razón de $20 semanales y luego fueron rebajados a $60 mensuales ($17.50 semanales).

En 21 de noviembre de 1921 el demandante escribió a la demandada pidiendo aumento de salario en la siguiente forma:

San Juan, P. R., Nov. 21 de 1921.

"A los Sres. Sobrinos de Portilla en sus oficinas Isabel 2ª Street, San Juan, P. R.

"Muy señores mios y amigos:

"Al recabar de la muy buena voluntad de Uds. un pequeño aumento en mi salario, como contable de esta casa, no creo de necesidad tener que aducir todas las circunstancias o razones que me obligaren a ello; por lo que, sólo me permito hacerles ligeras referencias al respecto del aumento del trabajo de compromiso en primera intención; tampoco quiero que lo entendáis como una exigencia de parte mía, pues mi intención se limita a llevar al convencimiento de Uds. que en la actualidad se hace insostenible mi situación con el corto semanal de veinte pesos.

"Yo comprendo muy bien que en las actuales circunstancias, y por razón de haber decrecido en parte el volumen de los negocios, guarden Uds. una actitud lógica y razonable para limitar gastos; pero es así, que a ello vengo yo contribuyendo, toda vez que les economizo una remuneración de un millar de pesos anualmente con mis trabajos como contable e intervención en asuntos relacionados con la Tesorería de Gobierno; y por todo, yo sólo solicito el mínimo aumento de cinco pesos semanales, a reserva de que en su buen juicio y generosidad se me reconozca para los futuros resultados satisfactorios en los negocios, lo que Uds. voluntaria y generosamente quieran regalarme.

"Soy siempre a sus órdenes su servidor y amigo,

(Fdo.)     Sixto Toro."

La demandada respondió por escrito al demandante, diciendo:

"Nov. 22, 1921.—Sr. Don Sixto Toro, San Juan, P. R.—Esti-

mado amigo nuestro: A la vista su estimada carta de ayer solicitando un pequeño aumento de sueldo la que contestamos informándole que sentimos verdaderamente no estar en condiciones de acceder a sus deseos en la actualidad porque el plan de economías que hemos trazado no nos permite complacerlo.

"Tenemos fuertes compromisos que cumplir y Ud. sabe que hemos tenido que rebajar el personal de la oficina y de los talleres; pero si más tarde la situación mejorara tenga Ud. la completa seguridad que le mejoraríamos su salario.

"Esperando que nuestras razones sean comprendidas por Ud., quedamos como siempre a sus órdenes sus atentos amigos y s. s.,"

Lejos de poder acceder la demandada a los deseos del demandante para que se le aumentase su remuneración, la demandada escribió al demandante meses después rebajándole el sueldo a la suma de $60 mensuales. Esta carta notificando la reducción, dice:

"Muy Sr. n/ y amigo: Debido a la crisis general que prevalece por la falta de trabajo y necesitando su cooperación para poder salir adelante, nos permitimos manifestarle que a partir del primero de julio próximo, su sueldo será en esta casa de $60.00 mensual.

"Tan pronto mejore la situación, su sueldo será como hasta ahora.

"Pedimos por lo tanto un cumplimiento satisfactorio por parte de Ud. en el desempeño de su empleo, para ayudarnos a salir pronto de esta crisis.

"Somos sus attos. amigos y ss. ss.,

(Fdo.)        Sobrinos de Portilla."

Estas cartas revelan por sí solas que se fijó la remuneración que debía recibir el demandante y que las cantidades recibidas por dicho demandante fué el salario convenido por sus servicios. El demandante al solicitar el pequeño aumento de $5 en su salario, pedía además que se le hiciera la reserva, invocando la generosidad de la demandada y con el carácter de donación o regalo, que se le reconociera la posibilidad de recibir algo más, haciendo depender su petición del resultado satisfactorio que en el futuro pudiera tener en los negocios la demandada. Esta reserva, que fué efectivamente reconocida por la demandada en el sentido de que si la situación del negocio mejorara, la mejora se

haría al demandante en su sueldo, no obligaba a la demandada y aunque dicho demandante no hizo esfuerzo alguno tendente a demostrar las ganancias de la compañía o sus buenos balances, lo que solamente daba fuerza moral a su reclamación, la carta de la demandada dirigida al demandante para rebajar su sueldo, basándose en la crisis del negocio y aceptando el demandante la rebaja, disipa toda duda en cuanto a que no se estipuló el salario bajo cualquier aspecto en que el demandante quisiera apoyarse para sostener su reclamación.

La prueba que ha podido ocasionar el error sufrido por la corte inferior al no darle a las cartas transcritas todo el valor que implica la propia admisión del demandante, es el testimonio de los testigos José Portilla y Félix Massó. Estos testigos realmente declaran que al demandante no se le habló de sueldo sino que tomara los gastos y que más tarde se arreglarían por haber dificultades entre los socios. A dichos testigos, sin embargo, que no son miembros actualmente de la firma "Sobrinos de Portilla", no se les puede dar más crédito que el que hemos dado a las admisiones del demandado por el conocido principio de que nadie puede ir contra sus propios actos.

Es posible asimismo que el fallo de la corte inferior, pues no aparece que se haya emitido opinión, se funde en ciertas partidas semanales tomadas por el demandante en exceso de las demás partidas uniformes. Pero estas partidas excepcionales del total de sesenta y seis semanas, se reducen a seis. Las cinco primeras son anteriores a las fechas de las cartas que han explicado claramente la situación de este pleito y la de $80 que se refiere a la última semana representaba un mes de compensación legal por no tener establecido término el contrato sobre la prestación de tales servicios.

Por todo lo expuesto, debe *revocarse la sentencia* de la corte inferior y *dictarse otra declarando sin lugar la demanda, sin costas.*